```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
OSCAR CANALES,

                        Petitioner,
                                              MEMORANDUM AND ORDER
            -against-                         13-CR-0298 (JS)

UNITED STATES OF AMERICA,

                        Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:     Oscar Canales, pro se
                    #82141-053
                    Moshannon Valley C.C.
                    555-I Geo Drive
                    Philipsburg, PA 16866

For Respondent:     Raymond A. Tierney, Esq.
                    United States Attorney's Office
                    610 Federal Plaza
                    Central Islip, NY 11722
```

SEYBERT, District Judge:

    Oscar Canales ("Petitioner") pled guilty to Conspiracy to Distribute Methamphetamine and Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(c), pursuant to a Plea Agreement with the Government that included a waiver of his right to appeal or collaterally attack his conviction or sentence. (See Minute Entry, Docket Entry 22.) Following the plea, Petitioner was sentenced to a below Sentencing Guidelines range of ninety-six (96) months of incarceration followed by three (3) years of supervised release. (See J., Docket Entry 35.) On October 31,

2016, Petitioner, acting pro se, petitioned this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (See Pet., Docket Entry 40.) Specifically, Petitioner argued that pursuant to Amendment 794 of the Sentencing Guidelines, he is entitled to a reduced sentence. For the following reasons, the Petition is DENIED.

BACKGROUND

The Court assumes familiarity with the facts, which are referenced only as necessary to explain the Court's decision.

I. Factual Background

Following an investigation by the Drug Enforcement Administration ("DEA"), it was determined that Petitioner was engaged in a conspiracy to distribute methamphetamine and cocaine from January through April of 2013, acting as an illegal drug distributor in Nassau and Queens Counties. (See Revised Presentence Investigation Report ("PSR") ¶¶ 4, 7.) The investigation revealed that in March of 2013, Petitioner engaged in drug-related conversations with a criminal informant posing as a drug courier. (PSR ¶ 4.) During these conversations, Petitioner agreed to purchase three kilograms of cocaine from the criminal informant, and in exchange provide the courier two kilograms of methamphetamine and $33,000. (PSR ¶ 4.) The agreed-upon exchange was to take place on April 16, 2013. (PSR ¶ 5.)

On April 16, 2013, DEA agents surveilled Petitioner as he met with the criminal informant, eventually approaching Petitioner to apprehend him. (PSR ¶ 5.) Upon approach, Petitioner attempted to flee the scene and dropped the backpack he was carrying to the ground. (PSR ¶ 5.) Shortly thereafter, Petitioner was apprehended and his backpack, containing methamphetamines and $33,000, was recovered from where Petitioner dropped it. (PSR ¶ 5.) Petitioner was arrested for the incident, after which he made inculpatory statements regarding his involvement in the intended drug exchange with the criminal informant, as well as other drug transactions he was setting up with unrelated buyers. (PSR ¶ 6.)

## II. Guilty Plea

On March 7, 2014, in the United States District Court for the Eastern District of New York, Petitioner entered a guilty plea to Conspiracy to Distribute Methamphetamine and Cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(c). (J. at 1.) Petitioner, accompanied by counsel, consented to his plea proceeding being held before Magistrate Judge A. Kathleen Tomlinson. (Plea Tr., Docket Entry 23, 5:1-6:9.) Judge Tomlinson first confirmed that Petitioner was competent to plead guilty and had discussed his plea with his attorney. (Plea Tr. 7:8-8:21.) Judge Tomlinson reviewed the constitutional rights Petitioner was forfeiting by pleading guilty, including his appellate rights:

The Court: I'm now going to ask Mr. Tierney, on behalf of the Government, to list whether there is any waiver of appeal or other waiver of rights contained in the plea agreement.

Mr. Tierney: Yes, Your Honor. Your Honor, the defendant agrees not to file an appeal or otherwise collaterally challenge the sentence of the Court by habeas petition if he should be sentenced to a period of imprisonment of 235 months or below. He also waives any and all defenses based on the statute of limitations and venue with respect to any prosecution that is not time barred on the date that this agreement is signed, which obviously is today's date. And he also waives any right to additional disclosure from the Government.

The Court: All right. Mr. Canales, you just heard the Prosecutor outline the waivers that are contained in the plea agreement. Do you understand those waivers?

The Defendant: Yes.

The Court: And have you had an opportunity to discuss them with Mr. Silverman?

The Defendant: Yes.

The Court: In particular, Mr. Canales, because this is important, based on what you just heard from the Prosecutor, your plea agreement states that if Judge Seybert imposes a term of imprisonment of 235 months or below, that you are in effect waiving your right to appeal or otherwise challenge by means of a habeas corpus petition, or any other provision, the conviction or sentence here. Do you understand that?

The Defendant: Yes.

The Court: And you're consenting to that, is that correct?

>    The Defendant: Yes.

(Plea Tr. 11:5-12:11.) Subsequently, Petitioner confirmed that he understood the elements of the relevant crime, the potential sentence he faced, the immigration consequences of the plea, and the Sentencing Guidelines factors. (Plea Tr. 12:12-17:23.) Petitioner stated that he was satisfied with his attorney's representation and was entering the guilty plea voluntarily. (Plea Tr. 18:4-18:24.) Petitioner then engaged in a factual allocution during which he admitted to working with others to commit drug transactions from January through April of 2013; further admitting that on April 16, 2013 he brought two kilograms of methamphetamine and United States currency to exchange for three kilograms of cocaine from a supposed courier. (Plea Tr. 20:1-21:6.) The Government then summarized the evidence against the Petitioner, stating:

> Your Honor, in or about beginning of January of 2013, the DEA became aware of this defendant attempting to purchase cocaine . . . [a]nd during this time they developed a confidential source in which, and taped phone conversations were made between this defendant and a confidential source which were recorded and in which this defendant began discussing the purchase of the cocaine. If at trial we would produce those recordings for the jury to hear. On or about April 16, 2013, the defendant did in fact, again in another taped conversation, did agree to purchase three kilograms of cocaine for two kilograms of methamphetamines and $33,000 in currency. Again, that transaction was captured on audio tape. On April 16th the confidential source,

5

> along with agents with the DEA, responded to 34 Leonard Avenue. And the source was wearing a video and audio camera. The transaction was captured. The source went inside the 34 Leonard Avenue. The defendant was there. He showed him the money as well as the two kilograms of methamphetamines. When the defendant left the residence to go out and obtain the three kilograms of cocaine, he was arrested by the DEA. And the two kilograms of methamphetamine and the currency was recovered.

(Plea Tr. 21:13-22:9.) Satisfied that Petitioner was entering the guilty plea voluntarily and that there was a factual basis for the plea, Judge Tomlinson recommended that Judge Seybert accept the guilty plea. (Plea Tr. 22:19-23:3.)

III. <u>Sentencing Proceedings</u>

Prior to sentencing, a presentence investigation report was prepared by the Probation Office, determining that Petitioner's Total Offense Level was thirty-three (33) with a Criminal History Category III. (PSR ¶¶ 23, 29.) Though the maximum term of imprisonment Petitioner faced was twenty (20) years, the Sentencing Guidelines range was a term of 168 to 210 months of imprisonment. (PSR ¶¶ 63, 64.) Further, Petitioner's recommended sentence was a term of 156 months of imprisonment. (Sentencing Tr. 4:11-4:16.)

Petitioner returned to this Court for his sentencing hearing on January 7, 2015. Prior to imposing sentence, the Court stated that in considering Petitioner's sentence it reviewed the

6

plea agreement, the PSR, and letters submitted on Petitioner's behalf. (Sentencing Tr. 3:25-9:18.) Following arguments from counsel and a consideration of all factors under U.S.S.G. § 3553(a), the Court sentenced Petitioner to a below-guidelines sentence of ninety-six (96) months of incarceration followed by three (3) years of supervised release. (Sentencing Tr. 27:3-30:4.) With regard to Petitioner's role in the conspiracy, the Court stated:

> I don't think you are an innocent courier in any way with respect to the information. I don't come to that conclusion. You are someone in between a courier and a person dealing with serious quantities or attempting to do so in serious quantities of drugs.

(Sentencing Tr. 27:16-27:20.)

IV. <u>The Section 2255 Motion</u>

Petitioner did not appeal his conviction or sentence. On October 31, 2016, Petitioner filed the instant Petition for habeas relief under § 2255. (<u>See</u> Pet.) Petitioner contends that following Amendment 794 to the Sentencing Guidelines, he should retroactively receive a reduced sentence for playing a minor role in the offense "because he was less culpable that the average participant in the charged offense." (Pet. at 8.) For the following reasons, the Petition is DENIED in its entirety.

7

## DISCUSSION

I. <u>Section 2255 Legal Standard</u>

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." <u>Harrington v. Richter</u>, 562 U.S. 86, 91, 131 S. Ct. 770, 780, 178 L. Ed. 2d 624 (2011). To obtain relief under § 2255 a petitioner must show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Therefore, a collateral attack on a conviction or sentence is available "for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" <u>United States v. Bokun</u>, 73 F.3d 8, 12 (2d Cir. 1995) (quoting <u>Hill v. United States</u>, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L. Ed. 2d 417 (1962)). When determining whether to grant relief, "the scope of review on a § 2255 motion should be narrowly limited in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." <u>Graziano v. United States</u>, 83 F.3d 587, 590 (2d Cir. 1996) (internal quotation marks and citations omitted). Accordingly, habeas corpus proceedings are an "asymmetrical enterprise in which

## DISCUSSION

I. <u>Section 2255 Legal Standard</u>

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." <u>Harrington v. Richter</u>, 562 U.S. 86, 91, 131 S. Ct. 770, 780, 178 L. Ed. 2d 624 (2011). To obtain relief under § 2255 a petitioner must show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Therefore, a collateral attack on a conviction or sentence is available "for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" <u>United States v. Bokun</u>, 73 F.3d 8, 12 (2d Cir. 1995) (quoting <u>Hill v. United States</u>, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L. Ed. 2d 417 (1962)). When determining whether to grant relief, "the scope of review on a § 2255 motion should be narrowly limited in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." <u>Graziano v. United States</u>, 83 F.3d 587, 590 (2d Cir. 1996) (internal quotation marks and citations omitted). Accordingly, habeas corpus proceedings are an "asymmetrical enterprise in which

a prisoner seeks to overturn a presumptively valid judgment of conviction." Pinkney v. Keane, 920 F.2d 1090, 1094 (2d Cir. 1990). As such, the petitioner has the burden of proving his claims by a preponderance of the evidence. Skaftouros v. United States, 667 F.3d 144, 158 (2d Cir. 2011).

As a threshold matter, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693, 155 L. Ed. 2d 714 (2003).

As Petitioner's submissions were filed pro se, the Court will liberally construe them "'to raise the strongest arguments that they suggest.'" Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, this does not excuse Petitioner "'from comply[ing] with relevant rules of procedural and substantive law.'" Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)).

II. Applicability of Waiver

It is "well established that a knowing and voluntary waiver of the right to appeal is generally enforceable." United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001); Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (determining that waivers of collateral attack under § 2255 are enforceable). Therefore, "'[w]hen the record clearly demonstrates

9

that [a] defendant's waiver of [the] right to appeal a sentence within an agreed Guidelines range was knowing and voluntary,' the waiver will be enforced." Sanchez v. United States, No. 10-CV-3653, 2012 WL 3150581, at *1 (E.D.N.Y. Jul. 31, 2012) (quoting United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004)). However, the Second Circuit has held that there are instances where a petitioner may appeal or collaterally attack a conviction notwithstanding the existence of an appeal waiver, including: "(1) the arbitrary practice of sentencing without proffered reasons which . . . could in some cases amount to an abdication of judicial responsibility subject to mandamus, . . . (2) the defendant's right to appeal on the grounds of ineffective assistance of counsel, . . .; and (3) the arguably unconstitutional consideration of naturalized status." United States v. Rosa, 123 F.3d 94, 98 (2d Cir. 1997) (internal quotation marks and citations omitted).

In the instant case, Petitioner stipulated that he would not file an appeal or otherwise challenge his conviction or sentence in the event that the Court sentenced him to a term of imprisonment of 235 months or less. (See Plea Tr. 11:9-12:11.) Petitioner then received a sentence of ninety-six (96) months of incarceration, followed by three (3) years of supervised release, a term within the scope of the appeal waiver. (J. at 2-3.)

Following an examination of the record, the Court finds that Petitioner executed the appeal waiver knowingly and

that [a] defendant's waiver of [the] right to appeal a sentence within an agreed Guidelines range was knowing and voluntary,' the waiver will be enforced." Sanchez v. United States, No. 10-CV-3653, 2012 WL 3150581, at *1 (E.D.N.Y. Jul. 31, 2012) (quoting United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004)). However, the Second Circuit has held that there are instances where a petitioner may appeal or collaterally attack a conviction notwithstanding the existence of an appeal waiver, including: "(1) the arbitrary practice of sentencing without proffered reasons which . . . could in some cases amount to an abdication of judicial responsibility subject to mandamus, . . . (2) the defendant's right to appeal on the grounds of ineffective assistance of counsel, . . .; and (3) the arguably unconstitutional consideration of naturalized status." United States v. Rosa, 123 F.3d 94, 98 (2d Cir. 1997) (internal quotation marks and citations omitted).

In the instant case, Petitioner stipulated that he would not file an appeal or otherwise challenge his conviction or sentence in the event that the Court sentenced him to a term of imprisonment of 235 months or less. (See Plea Tr. 11:9-12:11.) Petitioner then received a sentence of ninety-six (96) months of incarceration, followed by three (3) years of supervised release, a term within the scope of the appeal waiver. (J. at 2-3.)

Following an examination of the record, the Court finds that Petitioner executed the appeal waiver knowingly and

that [a] defendant's waiver of [the] right to appeal a sentence within an agreed Guidelines range was knowing and voluntary,' the waiver will be enforced." Sanchez v. United States, No. 10-CV-3653, 2012 WL 3150581, at *1 (E.D.N.Y. Jul. 31, 2012) (quoting United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004)). However, the Second Circuit has held that there are instances where a petitioner may appeal or collaterally attack a conviction notwithstanding the existence of an appeal waiver, including: "(1) the arbitrary practice of sentencing without proffered reasons which . . . could in some cases amount to an abdication of judicial responsibility subject to mandamus, . . . (2) the defendant's right to appeal on the grounds of ineffective assistance of counsel, . . .; and (3) the arguably unconstitutional consideration of naturalized status." United States v. Rosa, 123 F.3d 94, 98 (2d Cir. 1997) (internal quotation marks and citations omitted).

In the instant case, Petitioner stipulated that he would not file an appeal or otherwise challenge his conviction or sentence in the event that the Court sentenced him to a term of imprisonment of 235 months or less. (See Plea Tr. 11:9-12:11.) Petitioner then received a sentence of ninety-six (96) months of incarceration, followed by three (3) years of supervised release, a term within the scope of the appeal waiver. (J. at 2-3.)

Following an examination of the record, the Court finds that Petitioner executed the appeal waiver knowingly and

voluntarily. On the record, the Government explained the contents of the waiver, and Petitioner confirmed that he had discussed the waiver with his attorney and understood the waiver. (Plea Tr. 11:10-12:11.) Thus, the Court finds the appeal waiver enforceable, and Petitioner's claim has been waived.

III. Procedural Bar

Assuming, arguendo, that the waiver does not bar Petitioner's claim, it is also procedurally barred.

It is established that a petitioner who fails to seek direct appeal "and subsequently endeavors to litigate the issue via a § 2255 petition must 'show that there was cause for failing to raise the issue, and prejudice resulting therefrom.'" United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995) (quoting Douglas v. United States, 13 F.3d 43, 46 (2d Cir. 1993)). Generally, cause for failing to file a direct appeal is "something external to the petitioner, something that cannot be fairly attributed to him." Id. (internal quotation marks and citations omitted). Further, "a waiver cannot constitute cause excusing a petitioner's failure to raise a claim on direct appeal." LoCurto v. United States, No. 05-CV-1327, 2006 WL 618412, at *13 (E.D.N.Y. Mar. 10, 2006). With regard to "challenges to the application of the Sentencing Guidelines . . . absent a complete miscarriage of justice, such claims will not be considered on a § 2255 motion where the

11

defendant failed to raise them on direct appeal." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996)).

Here, Petitioner provides no justification for his failure to file a direct appeal, and as such, the claim is not properly before this Court. See United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998) ("A motion under § 2255 is not a substitute for an appeal."); Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998).

IV. Amendment 794 Claim

Even if Petitioner were not barred from bringing this claim, it would still be without merit.

Amendment 794 was enacted on November 1, 2015, and it altered the Commentary of United States Sentencing Guidelines § 3B1.2. See Batista v. United States, 14-CV-0895, 2017 WL 3700889, at *4 (E.D.N.Y. Aug. 25, 2017). Section 3B1.2 provides for reduced offense levels when an individual is a minor or minimal participant in the commission of the offense. See U.S.S.G. § 3B1.2. Amendment 794 provided a "non-exhaustive list of factors" to consider in determining whether an individual qualifies for the sentence reduction. See U.S.S.G. § 3B1.2. These factors include: "(i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised

decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; (v) the degree to which the defendant stood to benefit from the criminal activity."  U.S.S.G. § 3B1.2.

Petitioner argues that Amendment 794 should apply to his sentence retroactively and cites to United States v. Quintero-Levya, 823 F.3d 519 (9th Cir. 2016).  Additionally, Petitioner contends that the Court "must assess [his] culpability relative to the average participant in the offense" and be given a sentence reduction for his "middle-man" role in the crime.  (Pet. at 6-9.)

First, the Court finds that Petitioner's § 2255 matter is distinguishable from the cited Quintero-Levya; there the Ninth Circuit found that Amendment 794 has retroactive effect in the context of direct appeals.  Quintero-Levya, 823 F.3d at 522.

Primarily, the Court is not convinced that failing to apply Amendment 794 to Petitioner's sentence entitles him to § 2255 relief, as he has failed to demonstrate "that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Ultimately, "'a defendant seeking to apply a

post-sentencing clarifying amendment on collateral review must . . . demonstrate that the court's failure to consider his argument will result in a miscarriage of justice.'" Reed v. United States, No. 16-CV-1356, 2017 WL 5573151, at *7 (D. Conn. Nov. 20, 2017) (quoting Cook v. United States, Nos. 89-CR-0346, 03-CV-7922, 2006 WL 3333068, at *9 (S.D.N.Y. Nov. 15, 2006)) (ellipsis in original). Crucially, "a fundamental defect or a complete miscarriage of justice" does not occur "in a situation in which [the defendant] was . . . sentenced under an advisory Guidelines scheme." United States v. Foote, 784 F.3d 931, 941 (4th Cir. 2015).

Here, the Court sentenced Petitioner to a considerably lowered sentence of ninety-six (96) months of incarceration. (J. at 2.) Further, the Court considered arguments regarding the nature of Petitioner's role in the crime and ultimately determined that his role was "between a courier and a person dealing with serious quantities or attempting to do so in serious quantities of drugs." (Sentencing Tr. 27:16-27:20.) The Court's sentence was well below the recommended Guidelines range and represented a full consideration of the § 3553(a) factors. In sum, even if Amendment 794 should be retroactively applied, Petitioner's claim is not cognizable under § 2255 because he has not shown that this Court's "failure to sentence him as a minor participant was a fundamental defect that resulted in a complete miscarriage of justice."

Sanchez v. United States, Nos. 93-CV-1169, S 89-CR-0305, 1993 WL 267310, at *2 (S.D.N.Y. Jul. 13, 1993).

V.  Applicability of Section 3582

Though not requested by Petitioner, the Government argues that if the Court construed the § 2255 Petition as a § 3582 Petition, it remains without merit. (See Resp't's Br., Docket Entry 42, at 10.) Generally, "[w]here a pro se prisoner improperly files a § 2255 petition seeking sentencing reduction pursuant to a Guidelines amendment, a court should construe the petition as a motion for resentencing under 18 U.S.C. § 3582(c)(2)." United States v. Mercado, No. 07-CR-2018-SMJ-01, 2017 WL 830967, at *1 n.2 (E.D. Wash. Mar. 2, 2017) (citing Martin v. United States, 834 F. Supp. 2d 115, 136 (E.D.N.Y. 2011)); see also United States v. Morales-Perez, No. 11-CR-0881-01, 2016 WL 6426394, at *1 (S.D.N.Y. Oct. 27, 2016). "A court's power under 3582(c)(2) [ ] depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive." Dillon v. United States, 560 U.S. 817, 826, 130 S. Ct. 2683, 2691, 177 L. Ed. 2d 271 (2010). It is well accepted that in the context of § 3582(c)(2), an amendment is only given retroactive effect if listed in Section 1B1.10 of the Sentencing Guidelines. See United States v. Caceda, 990 F.2d 707, 710 (2d Cir. 1993); Calderon v. United States, No. 02-CR-1082-02, 2016 WL 7495180, at *1 (S.D.N.Y. Dec. 15, 2016) (stating "[i]n order for a Sentencing Guideline

15

amendment to apply retroactively under § 3582(c)(2), it must be listed in § 1B1.10 of the Guidelines.").

Amendment 794 is not listed in § 1B1.10 and thus should not be given retroactive effect in the context of a resentencing motion. See U.S.S.G. § 1B1.10. Therefore, even if the Court liberally construed the Petition as a resentencing motion pursuant to § 3582(c)(2), the Petition still fails.

## CONCLUSION

For the foregoing reasons, Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (Docket Entry 40) is DENIED. Because there can be no debate among reasonable jurists that Petitioner was not entitled to relief, the Court does not issue a Certificate of Appealability. 28 U.S.C. § 2253(c); see also Middleton v. Att'ys Gen., 396 F.3d 207, 209 (2d Cir.2005).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Petitioner and mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April  24 , 2018
       Central Islip, New York